UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK L. BLANKS,

              Petitioner,

    v.

PAT GLEBE,

              Respondent.

Case No. C10-5117RJB

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

       This matter comes before the court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 22.  The court has considered the relevant documents and the file herein.

PROCEDURAL HISTORY

       On September 17, 2010, U.S. Magistrate Judge J. Richard Creatura issued a Report and Recommendation in this habeas corpus action, concluding that (1)  petitioner's claim that his guilty plea was not knowing and voluntary, because he was not advised, at the time he entered the plea, of the correct offender score and the standard sentencing range, is unexhausted, and, in the alternative, is without merit; and (2) petitioner's claim that he received ineffective assistance of counsel is without merit.  Dkt. 22.

       On October 13, 2010, petitioner filed objections to the Report and Recommendation, requesting that the court dismiss the unexhausted claim so that he may exhaust the claim in state court.  Petitioner contends in his objections that his counsel was ineffective because his counsel failed to pursue DNA testing, did not argue "same criminal conduct" to reduce petitioner's sentence calculation, gave inaccurate advice that petitioner would be eligible for a sentence under Washington's Special Sex Offender Sentencing Alternative (SSOSA) law, did not advise petitioner that he would be subject to life imprisonment, or life on community custody, did not advise petitioner that he could be civilly committed,

ORDER
Page - 1

did not advise petitioner that his prior community custody would count as one point in his criminal history calculation, and did not advise petitioner that he could not have contact with his biological children for the rest of his life. Dkt. 23, at 2-5. Petitioner claims that his replacement counsel at sentencing was ineffective because she failed to move for withdrawal of his guilty plea. Dkt. 23, at 5.

## DISCUSSION

### Claim 1: Knowing and Voluntary Guilty Plea

In the petition for writ of habeas corpus, petitioner claims that his guilty plea was not knowing and voluntary, because he was not advised at the time he entered the plea of the correct offender score and the standard sentencing range. In the Report and Recommendation, the magistrate judge concluded that the claim was unexhausted, and, in the alternative, is without merit. In his objections, petitioner concedes that this claim is unexhausted, but requests that this court dismiss the claim without prejudice so that he can return to the state court to exhaust the "miscalculation of offender score claim". Dkt. 23, at 1.

A review of the state court record shows that this claim is unexhausted. Any attempt to exhaust this claim would be barred in state court because the claim is barred by the state limitations period of RCW 10.73.090; and would also be barred as repetitive under RCW 10.73.140 and RAP 16.4(d).

When a state prisoner defaults on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-751 (1991). In order to satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, at 752-53(citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice exists if the alleged errors were of constitutional dimensions and worked to the defendant's actual and substantial disadvantage, infecting the entire trial with an error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982). Petitioner has not established that some factor external to the defense prevented him from complying with the state's procedural rules. Because petitioner has not met his burden of demonstrating cause for his procedural default, it is not necessary to determine whether he carried the burden of showing actual prejudice. *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). Further, he has not

presented new evidence demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995). Therefore, petitioner has not shown cause for the default or actual innocence; the claim is procedurally barred. This first claim should be dismissed with prejudice as unexhausted and procedurally barred.

The magistrate judge concluded that, even if this claim had been exhausted, the claim is without merit. An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in state courts. 28 U.S.C. § 2254(b)(2). The court concurs with the conclusion of the magistrate judge that petitioner's claim that his guilty plea was not knowingly and voluntarily made is without merit.

**Claim 2:   Ineffective Assistance of Counsel**

In his response to respondent's answer, petitioner claimed that his counsel was ineffective for failure to request DNA testing. Dkt. 14. In his objections to the Report and Recommendation, petitioner contends that his counsel was ineffective for failing to request DNA testing, and for failing to investigate alibi witnesses. Dkt. 23, at 2-3. These claims were not raised in the petition for writ of habeas corpus; the claims were not exhausted in state court and are procedurally barred. Further, the claims are without merit. A plea of guilty generally precludes a petitioner from challenging alleged constitutional violations that occurred prior to the entry of that plea. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992), *cert. denied* 506 U.S. 878 (1992).

In his habeas petition, petitioner claims that his counsel was ineffective for failing to order a psychiatric examination. Petitioner also raised this issue in his objections to the Report and Recommendation. This issue was not exhausted in state court and is procedurally barred. Further, the claim is without merit. Nothing in the record points to any psychiatric problem at the time of acceptance of the plea of guilty or at sentencing.

Petitioner claims that his first counsel was ineffective for failing to inform him that the state would oppose SSOSA (or that SSOSA could be denied), and for failing to challenge or correct the offender score; and that his replacement counsel at sentencing was ineffective for failing to advise him that he could withdraw his guilty plea after the offender score issue came to light. Respondent carefully and accurately summarized the record in the response to the petition for writ of habeas corpus. Dkt. 14, at 21-26. The magistrate judge concluded that petitioner had not shown that counsels' performance was

ORDER
Page - 3

deficient, and that petitioner had not shown that he was prejudiced by any deficiency. Dkt. 22, at 8-11. The court concurs with the conclusion of the magistrate judge. The state court decisions upholding petitioner's conviction and sentence were not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.

In his objections, petitioner contends that his counsel was ineffective when he did not advise petitioner that a mandatory condition of his plea would be life in prison, and, if released, life on community custody; that he could be civilly committed; that his community custody would count as one point for scoring in his criminal history; and that he could not be around any of his biological children for the rest of his life. These claims were not raised in the habeas corpus petition, are unexhausted and procedurally barred, and are without merit.

**Certificate of Appealability.** The court concurs with the magistrate judge that a Certificate of Appealability should be denied.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 22), is **ADOPTED**. The petition for writ of habeas corpus is **DENIED**. A Certificate of Appealability is **DENIED**. The case is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of November, 2010.

Robert J. Bryan
United States District Judge